```
                    UNITED STATES  DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NUMBER: 12-0001 |
| TELLY HANKTON,<br>KEVIN JACKSON | SECTION: "F"(5) |

### ORDER

Presently before the Court is the motion of Telly Hankton for limited pre-authorization discovery (rec. doc. 286) and the motion of Kevin Jackson for limited pre-authorization discovery.  (Rec. doc. 316).  Following oral argument, the Government was ordered to provide the Court with certain documentation for an in camera inspection.  (Rec. docs. 337, 339).

In response thereto, the Court was advised that no FBI 302 reports were generated as part of the New Orleans Police Department's investigation into the Darnell Stewart homicide.  The Government further asserts that the New Orleans Police Department was the lead investigative agency into this homicide and an unredacted NOPD homicide report was furnished to the Court for in camera inspection to document the limited involvement of the FBI in the Stewart homicide investigation.

Additionally, the Government furnished the Court with a copy

of its submission seeking a Petite Policy waiver in this matter. Further, the Government advised that the U.S. Attorney's Office did not correspond with the Orleans Parish District Attorney's Office regarding its decision to charge Telly Hankton herein.

Additionally, the Government turned over the FBI 302 statement of witness and/or witness(es) and certain grand jury testimony which the Government strenuously objects to producing to defense counsel for safety reasons.

The Government further advised that it issued a request to the NOPD Public Integrity bureau to search Detective Pratt's personnel files and other relevant files for potential Giglio material and specifically for any complaints made against the detective for suppressing exculpatory evidence in any cases.  The documents responsive to that request were likewise presented to the Court for inspection.

As to the un-redacted NOPD homicide report pertaining to the Stewart homicide investigation, the Court sees no reason for this document to be turned over at the present time.  That document does not indicate substantial involvement by the FBI in the investigation as argued by defense counsel.  The Court's ruling is the same as to the request for Petite Policy waiver.  This is essentially a document covered by the work product privilege and the Court sees no reason to over-ride that privilege at the present time.

As to the FBI 302 statement(s) and/or grand jury testimony which the Court reviewed, suffice it to say that probable cause was presented to justify the indictment of the defendants herein. While counsel for Kevin Jackson argued in Court that his client does not know why he has been charged, sufficient evidence was presented to justify the grand jury in returning an indictment based upon the information which the Court has reviewed.

However, the Court declines to turn that evidence over to the defense at the present time in light of the Government's argument pertaining to witness safety.  Further, the Court sees nothing which constitutes Brady material in the evidence reviewed by the Court.  Under Brady, the Government "has a duty to disclose evidence favorable to the defense (either exculpatory or that which could be used for impeachment) where such evidence is material either to guilt or punishment". USA v. Delatorre, 438 F.Supp.2d 892, 901 (N.D. Ill. 2006), aff'd, 436 Fed.Appx. 639 (7th Cir. 2011), cert. denied, ___ U.S. ___, 132 S.Ct. 1612 (2012).  The Court cannot categorize the information which was reviewed in camera as favorable to the defense.  And no jurisprudence has been furnished to the Court which authorizes the disclosure of the Government's witnesses at this stage of the proceedings.

The Court was also furnished with the results of the search made by the Public Integrity Bureau of the New Orleans Police Department as to complaints made against Detective Pratt.  In

conversations with Ms. Privitera of the U.S. Attorney's Office, the Court has reason to believe that defense counsel already has these documents.  However, if that is incorrect, the Court sees no reason why same should not be furnished to counsel for the defense.

   Lastly, the Court has reviewed a homicide police report and other documents pertaining to the murder of Emmanuel Holmes and the arrest of Selles Smallwood.  Those documents are to be furnished to defense counsel, after the Government has made redactions thereto. If defense counsel is dissatisfied with the redactions, the Court is to be immediately notified.

   The aforementioned documents which the Court has ordered turned over to defense counsel shall be provided to counsel on or before September 16th.

   In order that the record be complete and to insure that future misunderstandings do not arise pertaining to the documents viewed <u>in camera</u> by the Court, the Clerk is ordered to file under seal the attached documents which the Court has reviewed.

   Finally, the Court notes that, during oral argument, defense counsel set forth certain arguments they wished to make in order to address the issue with the Government as to whether the death penalty is appropriate in these proceedings.  As the Court perceives it, there is nothing in the documents viewed by the Court which prevents counsel from making the same arguments in the pre-certification process to the Government that counsel made to the

Court in oral argument.

    New Orleans, Louisiana, this 12th day of September, 2013.

                                                    ALMA L. CHASEZ
                                     UNITED STATES MAGISTRATE JUDGE