UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 12-1 |
| TELLY HANKTON | SECTION "F" |

ORDER AND REASONS

Before the Court is the Government's appeal of the magistrate judge's order granting, in part, Telly Hankton's supplemental motion for limited preauthorization discovery. For the reasons that follow, the appeal is DENIED.

Background

The facts of this case are more completely set forth in this Court's January 13, 2014 Order and Reasons. A summary of the facts most pertinent to resolution of the pending motion follows.

On October 18, 2012, Telly Hankton and twelve codefendants were indicted in a twenty-two count Second Superseding Indictment. Hankton and four other codefendants are charged with death-penalty eligible offenses. Specifically, Hankton is charged with RICO conspiracy, conspiracy to distribute controlled substances, conspiracy to possess firearms, assault with a dangerous weapon in aid of racketeering, murder in aid of racketeering, causing death through use of a firearm, and money laundering.

On July 10, 2013, Hankton filed his first motion for limited preauthorization discovery, requesting disclosure of various

materials for use in the capital punishment preauthorization process. Magistrate Judge Chasez held a hearing on the motion, reviewed certain materials in camera, and then granted the motion in part and denied it in part. The Government did not appeal the magistrate judge's order. On September 13, 2013, Hankton presented his original mitigation submission to the U.S. Attorney's Office.

On October 3, 2013, Hankton filed a supplemental motion for limited preauthorization discovery, seeking additional materials related to allegations of prosecutorial misconduct. On November 21, 2013, the magistrate judge held a hearing on the motion and denied Hankton relief except with respect to his request for grand jury transcripts reflecting the presence of Assistant U.S. Attorney Maurice Landrieu, former U.S. Attorney Jim Letten, and former First Assistant U.S. Attorney Jan Mann. The magistrate judge ordered the Government to turn over the grand jury transcripts ex parte for an in camera review. The Government now appeals from that order.

## Law and Application

This Court reviews the magistrate judge's order under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

Rule 16 of the Federal Rules of Criminal Procedure governs discovery in a criminal case. Generally, the government must disclose items "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(1). The government is not required to disclose grand jury materials, "except as provided in Rules 6, 12(h), 16(a)(1), and 26.2." Fed. R. Crim. P. 16(a)(3). Under Rule 6, the Court may authorize disclosure of grand jury materials:

> (i) preliminarily to or in connection with a judicial proceeding; [or]
> (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]

Fed. R. Crim. P. 6(e)(3)(E). A defendant seeking disclosure of grand jury materials must show a "particularized need" exists for the requested materials. See, e.g., United States v. Proctor & Gamble, 356 U.S. 677, 682 (1958); United States v. Miramontez, 995 F.2d 56, 59 (5th Cir. 1993). To meet this burden, the defendant must show that "(1) the material he seeks is needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is greater than the need for continued secrecy, and (3) his request is structured to cover only the material so needed." Miramontez, 995 F.2d at 59.

The Government contends that the magistrate judge's order requiring it to produce grand jury transcripts for in camera review is clearly erroneous and contrary to law because Hankton failed to show a "particularized need" for those materials. The Court

disagrees. Without expressing a view on whether Hankton showed a particularized need sufficient to warrant disclosure, the Court finds that the magistrate judge did not clearly err in ordering that the materials be presented in camera. Cf. id. The Government presents no authority for the proposition that in camera review of the requested materials is contrary to law.

Accordingly, the Court DENIES the Government's appeal. The Court orders that the disputed materials shall be given to the magistrate judge within fourteen days from the date of this Order and Reason for her in camera review.

New Orleans, Louisiana, February 26, 2014

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE