```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

UNITED STATES OF AMERICA                              CRIMINAL ACTION

V.                                                    NO. 12-0001

THOMAS HANKTON,
TERRELL SMOTHERS,
DERRICK SMOTHERS                                      SECTION "F"

<u>ORDER AND REASONS</u>

Before the Court is the government's motion to correct a portion of sentences and judgments addressing credit for time served. For the reasons that follow, the motion is GRANTED.

**BACKGROUND**

At the sentencing hearing, this Court granted Terrell Smothers credit for time served for a 2001 state conviction for two-counts of possession with intent to distribute, for which he was sentenced to eight years imprisonment, but for which he was released four years later. The Court ordered that Thomas Hankton be credited 127 months for time that he had previously served on two fully discharged sentences for two state drug convictions. Finally, as to Derrick Smothers, the Court ordered that he be credited for 67 months he had served in connection with a state court conviction.

1

**I.**

"Within 14 days after sentencing,[1] the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Cr. P. 35(a).  In calculating a term of imprisonment:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentenced was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.[2]

18 U.S.C. § 3585(b). "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1991). "Although the statute does not explicitly say who is responsible for calculating the [§ 3585(b)] credit, controlling precedent indicates that it is the Attorney General acting through the Bureau of Prisons." United States v.

---

[1] The sentencing hearing for Thomas Hankton, Terrell Smothers, and Derrick Smothers was held on Wednesday, October 12, 2016. This Court has until Wednesday, October 26, 2016 to correct the sentences under rule 35(a).

[2] The Court explicitly brings this limitation to the attention of the Bureau of Prisons.

2

Wynder, No. 15-31073, 2016 WL 4547228, at *1 (5th Cir. Aug. 31, 2016) (citing Wilson, 503 U.S. at 334-35).

U.S.S.G. § 5G1.3(b) allows the district court to adjust a defendant's sentence to reflect credit for time served for undischarged sentences for conduct that is deemed relevant to the instant offense by way of a sentencing guideline adjustment or a downward departure from the sentencing guidelines.

II.

The government contends that the Court erred by acting outside its authority when the Court granted credit for time served based on 18 U.S.C. § 3585(b) in the sentencing of Thomas Hankton, Terrell Smothers, and Derrick Smothers. The Court agrees.

U.S. Probation recommended that credit for time served was appropriate under U.S.S.G. § 5G1.3(b) as to these defendants. Although the Court has discretion to credit defendants for time served under U.S.S.G. § 5G1.3, this is not so where the defendants

> d[o] not qualify for a departure under U.S.S.G. § 5G1.3(b) . . . because [the recommendation] seeks credit for a fully *discharged* conviction. U.S.S.G. § 5G1.3 provides that a district court may effect a downward departure for an *undischarged* sentence but does not provide for a downward departure for a *discharged* sentence.

United States v. Carpenter, No. 07-4496, 2009 WL 4981682, at *5 (6th Cir. Dec. 22, 2009). The record indicates that any recommended credits for previously-served time relates solely to discharged sentences. Therefore, because the credit the Court granted

3

implicates discharged sentences, the Court cannot effect a downward departure. See id.; United States v. Morgan, No. 98-20921, 1999 WL 824544, at *1 (5th Cir. Oct. 6, 1999).

Notably, the Court seemingly credited the sentences of these defendants by implicating 18 U.S.C. § 3585. As binding precedent indicates, only the Attorney General, acting through the Bureau of Prisons, has the authority to grant credit for time served under this statute. See Wilson, 503 U.S. at 334-35. Additionally, Thomas Hankton's sentence was a result of an agreed upon a Fed. R. Crim. P. 11(c)(1)(C) plea agreement. An adjustment under U.S.S.G. § 5G1.3 to such an agreement is "improper because Fed. R. Crim. P. 11(e)(1)(C) does not allow a district court to modify a plea agreement once it has accepted it." Morgan, 1999 WL 824544, at *1.

Accordingly, IT IS ORDERED: that the government's motion is hereby GRANTED. IT IS ORDERED that the judgments of defendants Thomas Hankton, Derrick Smothers, and Terrell Smothers are to be corrected to remove any reference to credit for time served.

New Orleans, Louisiana, October 26, 2016

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE